BC

RECEIVED
9/18/2025 JKS
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

1:25-cv-11378
Judge Georgia N. Alexakis
Magistrate Judge Daniel P. McLaughlin
RANDOM/Cv Cat 2

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| Charles Norwood,<br>Claimant,<br>vs.<br>GREYSTAR ILLINOIS MANAGEMENT, LLC; GREYSTAR REAL ESTATE PARTNERS, LLC; and UNKNOWN AGENTS AND EMPLOYEES, et al.<br>Respondents | Case No.: NEW CASE<br>**COMPLAINT FOR VIOLATION OF CIVIL RIGHTS AND FAIR HOUSING ACT**<br>**09/18/2025** |

# COMPLAINT FOR VIOLATION OF CIVIL RIGHTS AND FAIR HOUSING ACT AND STATE CONSTITUTIONAL AND STATUTORY VIOLATIONS

***(42 U.S.C. §§ 1983, 1985, 1986, 3613; 15 U.S.C. § 1691; 12 C.F.R. § 1002; 42 U.S.C. § 408)***

## INTRODUCTION AND REQUEST FOR DECLARATORY JUDGMENT

This civil action seeks redress for constitutional violations arising from Respondents' joint participation with the Chicago Housing Authority in the administration of the Housing Choice Voucher process at the apartment community located at 1401 South State Street in Chicago. Respondents arbitrarily and discriminatorily refused to complete Claimant's leasing based on an unnecessary guarantor requirement and credit barriers despite a voucher guaranteeing rent, causing the loss of a housing opportunity and significant related harms.

Claimant respectfully requests a declaratory judgment stating that Respondents' policies and practices, as applied to Claimant and similarly situated voucher holders, violate the guarantees of equal protection, due process, and freedom from retaliation under the United States and Illinois Constitutions; that Respondents may not condition voucher-backed tenancy on unjustified guarantor or credit requirements where less discriminatory, individualized assessments and voucher assurances are available; and that Respondents must fairly and timely process voucher paperwork in coordination with the Chicago Housing Authority.

**JURISDICTION AND VENUE**

This Court has jurisdiction under 28 U.S.C. § 1331 and 42 U.S.C. § 1983; declaratory and injunctive relief are authorized by 28 U.S.C. §§ 2201–2202. Federal-question jurisdiction also exists for the Fair Housing Act and Fair Credit Reporting Act claims if pleaded. Supplemental jurisdiction exists under 28 U.S.C. § 1367 for related Illinois claims because they arise from the same nucleus of operative fact. Venue is proper under 28 U.S.C. § 1391(b) because the events occurred in this District and the property is located in Chicago, Illinois.

**PARTIES**

Claimant Charles Norwood is a resident of Cook County, Illinois and an HCV participant who applied to rent a one-bedroom unit at 1401 South State Street in Chicago (See attached exhibits).

Respondent Greystar Illinois Management, LLC manages the apartment community at 1401 South State Street ("Property") and acted through its employees and agents, including leasing and management staff.

Respondent Greystar Real Estate Partners, LLC oversees and controls policies for its Illinois affiliate and participated in, directed, or ratified the actions challenged herein.

Respondents Agents and Employees include individuals employed by or acting on behalf of Greystar and, upon information and belief, persons acting in concert with CHA personnel in processing Claimant's Request for Tenancy Approval ("RTA") and related voucher steps.

## INFORMAL STATE-ACTION AND JOINT-PARTICIPATION

Respondents performed functions intertwined with governmental processes by administering voucher-dependent leasing, requiring CHA approval via the RTA, and coordinating steps necessary for public-benefit housing occupancy.

Respondents willfully participated in joint activity with CHA by conditioning progression of Claimant's lease on steps uniquely within the CHA-landlord process; by withholding or delaying action on the RTA after Claimant's cooperation; and by leveraging CHA's procedures to impose arbitrary, unjustified conditions that effectively foreclosed voucher-backed tenancy.

## FACTUAL EVENTS – APPLICATION, CONDITIONAL APPROVAL, AND ESCALATING CONDITIONS

On November 14, 2024, Claimant applied for a one-bedroom unit at the Property managed by Greystar. (See Exhibit).

On November 15, 2024, leasing agent Angela Oliver notified Claimant of a conditional approval and requested the RTA packet for CHA processing. (Exhibit).

On November 16, 2024, Respondents requested income verification; Claimant provided documentation that explained his voucher would cover rent and confirmed he had already signed the RTA packet the prior evening. (Exhibit).

On November 26, 2024, Respondents stated that approval required Claimant to satisfy both a $500 administrative fee and to add a guarantor, notwithstanding the voucher's rent guarantee. (Exhibit).

On July 16, 2025, Claimant personally visited the property office and was treated with hostility and misrepresentation by Respondent Coates. She reiterated the false claim that a guarantor was required and stated that her legal team would be contacting Claimant from that point forward. She further verbally claimed that the utilities would not be paid on time, which she asserted as an additional basis for the denial or need for a guarantor, despite Claimant's voucher eligibility and good faith efforts to comply with all requirements.

**FAILURE TO PROCESS RTA AND NON-RESPONSIVENESS**

On November 26, 2024, Claimant requested the status of the RTA packet and progression toward CHA approval; Respondents did not respond. (See Exhibit).

**FORMAL PROTESTS, IN-PERSON VISIT, AND COUNSEL'S LETTER**

On December 4, 2024, Claimant sent a formal letter disputing the credit-based conditions and requesting Respondents' screening criteria; Respondents failed to provide the criteria or advance the lease. (See Exhibit).

From December 1, 2024 onward, Claimant incurred out-of-pocket costs for temporary lodging, storage, and transportation due to the stalled application, as summarized in Claimant's Request for Immediate Resolution. (See Exhibit).

After Claimant re-raised concerns in July 2025—including to Respondent's CEO—Respondents acknowledged the matter but continued to insist on the guarantor requirement. (Exhibit).

On July 16, 2025, Claimant personally visited the property office and was treated with hostility and misrepresentation by Respondent Coates. She reiterated that a guarantor was required and stated that her legal team would be contacting Claimant from that point forward. She further verbally stated false claims that the utilities would not be paid on time, which she asserted as an additional basis for the denial or need for a guarantor, despite Claimant's voucher eligibility and good faith efforts to comply with all requirements. Greystar's counsel sent a letter asserting that Claimant's conditional approval required "Do ALL of the Following: – Admin Fee $500 IL – Add Guarantor," and that the application did not advance because Claimant did not submit a guarantor. (See Exhibit).

## INJURY/HARM

Respondents' actions foreseeably caused and actually resulted in housing instability, costs for lodging, storage, and transportation, emotional distress, and loss of housing opportunity beginning December 2024 and continuing thereafter. (See Exhibit).

## COUNT I – EQUAL PROTECTION (U.S. CONST. AMEND. XIV) – 42 U.S.C. § 1983

Respondents, acting jointly with CHA and leveraging public voucher processes, denied Claimant equal protection by imposing arbitrary, unjustified, and disparate conditions—including a guarantor—on a voucher holder whose rent was guaranteed, thereby treating him differently from similarly situated prospective tenants without a legitimate government-related basis.

The guarantor requirement and credit-barrier practice as applied to voucher-backed applicants lack a rational basis and were motivated by, or result in, discriminatory treatment of voucher participants and those similarly reliant on public benefits.

Respondents knew or should have known that imposing a guarantor where rent is otherwise assured lacks any substantial relation to a legitimate interest and functions to exclude voucher users from tenancy at the Property.

## Relief Under Count I – Equal Protection

Claimant seeks declaratory judgment that Respondents' guarantor and credit-screening practices, as applied, violate the Equal Protection Clause of the Fourteenth Amendment. Claimant further seeks compensatory and punitive damages, injunctive relief barring Respondents from continuing these practices, and attorney's fees and costs pursuant to 42 U.S.C. § 1988.

## COUNT II – PROCEDURAL DUE PROCESS (U.S. CONST. AMEND. XIV) – 42 U.S.C. § 1983

Claimant possessed a legitimate claim of entitlement to fair, non-arbitrary processing of his voucher-dependent lease application through the intertwined CHA–landlord RTA mechanism after conditional approval and full cooperation with documentation requests.

Respondents, acting jointly with CHA and leveraging public procedures, deprived Claimant of this interest by halting or delaying RTA progression and by imposing a guarantor requirement without notice of criteria, opportunity to contest the condition, or any reasoned explanation tied to individualized risk.

The refusal to respond to Claimant's November 26, 2024 RTA status inquiry and to his December 4, 2024 written protest further denied him minimal procedural safeguards and a meaningful opportunity to be heard before deprivation of the housing interest occurred.

As a direct and proximate result, Claimant suffered pecuniary and non-pecuniary harms.

### Relief Under Count II – Procedural Due Process

Claimant seeks declaratory judgment that Respondents deprived him of a protected housing interest without constitutionally adequate procedures. Claimant also requests injunctive relief requiring transparent criteria and fair processing of voucher paperwork, together with compensatory and punitive damages and attorney's fees and costs.

## COUNT III – FIRST AMENDMENT RETALIATION – 42 U.S.C. § 1983

Claimant engaged in protected activity by protesting discriminatory screening, requesting criteria in writing on December 4, 2024, and renewing complaints in July 2025, including to Greystar's leadership. (Exhibits).

Respondents' adverse actions—including continued insistence on an unjustified guarantor and refusal to advance RTA processing—were substantially motivated by Claimant's protected

complaints and petitioning, and would deter a person of ordinary firmness from continuing to assert rights.

Respondents acted under color of law through coordination with CHA in voucher administration and used that process to effect the retaliation, thereby violating the First Amendment.

## Relief Under Count III – First Amendment Retaliation

Claimant seeks declaratory judgment that Respondents retaliated against him for engaging in protected petitioning activity in violation of the First Amendment. Claimant further seeks compensatory and punitive damages, injunctive relief prohibiting further retaliation, and attorney's fees and costs.

## COUNT IV – § 1983 CONSPIRACY / JOINT-ACTION LIABILITY

Respondents reached an understanding with, or willfully participated in joint activity with, CHA personnel to use the voucher-approval process (including the RTA) to impose non-meritorious conditions and to withhold progression of Claimant's tenancy, thereby effectuating constitutional deprivations under color of state law.

Overt acts in furtherance included conditioning approval on a guarantor despite HCV rent assurance, withholding or ignoring RTA processing after November 26, 2024 inquiries, and sustaining those positions after Claimant's December 4, 2024 protest and July 2025 escalation. (See Exhibits).

These acts caused the harms described and render Respondents liable under § 1983.

### Relief Under Count IV – § 1983 Conspiracy / Joint-Action Liability

Claimant seeks declaratory judgment that Respondents engaged in joint action with CHA personnel to deprive him of constitutional rights. Claimant requests compensatory and punitive damages, injunctive relief to prevent continuation of such practices, and attorney's fees and costs.

## COUNT V – ILLINOIS HUMAN RIGHTS ACT (775 ILCS 5/3-102)

Respondents refused to rent, imposed unequal terms and conditions, failed to negotiate in good faith, and employed screening criteria with a discriminatory impact on voucher holders in violation of 775 ILCS 5/3-102(A), (B), (D), and (H).

Claimant seeks compensatory damages, punitive damages, injunctive relief, and attorney's fees and costs as permitted under the IHRA.

### Relief Under Count V – Illinois Human Rights Act

Claimant seeks declaratory judgment that Respondents' conduct violated 775 ILCS 5/3-102(A), (B), (D), and (H). Claimant further seeks compensatory damages, punitive damages, injunctive relief ensuring nondiscriminatory leasing practices, and attorney's fees and costs.

## COUNT VI – ILLINOIS CONSTITUTION (EQUAL PROTECTION & DUE PROCESS)

Respondents deprived Claimant of equal protection and due process rights secured by Article I, § 2 of the Illinois Constitution by imposing arbitrary conditions unrelated to any legitimate interest and by refusing to process his RTA without fair procedure.

Claimant seeks declaratory and injunctive relief, compensatory and punitive damages, and costs under Illinois law.

### Relief Under Count VI – Illinois Constitution

Claimant seeks declaratory judgment that Respondents' conduct violated Article I, § 2 of the Illinois Constitution. Claimant further seeks compensatory and punitive damages, equitable and injunctive relief, and costs as provided by Illinois law.

## DAMAGES

Respondents' conduct caused pecuniary losses including temporary lodging, storage fees, and transportation costs beginning December 2024, as well as emotional distress and loss of housing opportunity. (See Exhibit).

Respondents' actions were willful, wanton, or in reckless disregard of Claimant's rights, warranting punitive damages.

Claimant is entitled to reasonable attorney's fees and costs where authorized by law.

## INJUNCTIVE AND DECLARATORY RELIEF

Claimant seeks an order declaring that Respondents' screening and processing practices described in this complaint are unlawful and enjoining Respondents from conditioning voucher-backed leasing on guarantors or unjustified credit criteria. Claimant further seeks tailored injunctive relief requiring Respondents to adopt and implement individualized assessments that account for voucher guarantees and documented housing payment histories, to provide clear

written criteria upon request, to train staff accordingly, and to process Request for Tenancy Approval submissions in a timely and transparent manner in coordination with the Chicago Housing Authority.

To make the injured party whole, Claimant also seeks specific performance requiring Respondents to offer Claimant a two-bedroom residential unit at the property, or at a comparable Greystar-managed property in the City of Chicago if necessary, under a lease for one hundred years or, if a term of that length is not permitted by law, for the longest term permitted by law with automatic renewals that together approximate a one-hundred-year term. The lease should not reflect voucher participation and any applicable rent caps or payment standards and should ensure stable tenancy without unjustified guarantor or credit-screening barriers.

## PRAYER FOR RELIEF

Claimant respectfully asks the Court for the following relief:

- A declaratory judgment that Respondents' policies and practices, as applied to Claimant and similarly situated voucher holders, violate constitutional protections and related state civil rights guarantees and may not be enforced against Claimant.

- Preliminary and permanent injunctive relief prohibiting Respondents from using guarantor and credit-screening practices that fail to account for voucher guarantees and individualized housing payment histories and requiring adoption of less discriminatory alternatives and timely processing of voucher paperwork.

- Specific performance requiring Respondents to offer Claimant a two-bedroom residential unit at the property, or a comparable Greystar-managed property in Chicago if necessary, under a lease for one hundred years, or, if a term of that length is not permitted by law, for the longest term permitted by law with automatic renewals to approximate a one-hundred-year term, without participation in the voucher program but with lawful rent terms.

- Compensatory damages for out-of-pocket costs, loss of housing opportunity, and emotional distress, together with punitive damages where permitted.

- Reasonable attorney's fees and costs where authorized, and such further relief as the Court deems just and proper.

## Other Relief:

All other relief this Court deems just, proper, equitable, and in the interest of justice, honor, and peace.

The Undersigned, as a private living sovereign origine, is protected by Commandments under the Almighty Creator, Bill of Rights and Constitution for the United States of America ("General Admissibility of Relevant Evidence" F. R. of E. 402) and cannot be deprived of property unless

by a judgment by his equals, and under no circumstances will the Undersigned waive any unalienable birthrights guaranteed to him by the Creator, **Ephesians 2:19 / Exodus 21:23-25 / Leviticus 24:17-21 / Deuteronomy 1:17 / Col. 3:25 / Luke 10:17 / Matthew 5:11-20 / John 10:34-39.**

Pursuant to FRCP 11, Plaintiff certifies good-faith basis for claims.

by:Norwood:Charles-D

Charles D Norwood *Sui Juris, Propria Persona*

charles.d.norwood@protonmail.com

433 WEST HARRISON STREET

GENERAL POST OFFICE DELIVERY

CHICAGO ILLINOIS 60699

"The violence of the wicked will destroy them because they refuse to do justice" Proverbs 21:7