**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| CHARLES NORWOOD,<br><br>Plaintiff,<br><br>v.<br><br>GREYSTAR ILLINOIS MANAGEMENT, LLC, GREYSTAR REAL ESTATE PARTNERS, LLC, AND UNKNOWN AGENTS AND EMPLOYEES,<br><br>Defendants. | No. 25 CV 11378<br><br>Judge Georgia N. Alexakis |

## ORDER

Plaintiff Charles Norwood filed a pro se complaint [5] alleging that defendants Greystar Illinois Management, LLC, Greystar Real Estate Partners, LLC, and various unknown agents and employees (collectively "defendants") violated his rights under the First and Fourteenth Amendment, *see* 42 U.S.C. § 1983, as well as the Illinois Human Rights Act and Illinois Constitution by refusing to process his housing application "based on an unnecessary assumption of utility management, guarantor requirement and credit barriers despite a voucher guaranteeing rent." [5] at 1. He asks the Court to allow him to proceed *in forma pauperis* ("IFP"). [4].[1] For the reasons explained below, Norwood's IFP application [5] is denied without prejudice and his first amended complaint is dismissed, also without prejudice.

## STATEMENT

The federal IFP statute allows a litigant to pursue a case in federal court without paying fees and costs, provided that the litigant submits an affidavit which asserts an inability to pay, 28 U.S.C. § 1915(a)(1), and as long as the action is not frivolous or malicious, states a claim upon which relief may be granted, and does not seek monetary relief from a defendant who is immune from such relief. §1915(e)(2)(B).

"To qualify for IFP status, a plaintiff must fully disclose [his] financial condition, and [he] must do so truthfully under penalty of perjury." *Effinger v. Monterrey Sec. Consultants*, 546 F. Supp. 3d 715, 717 (N.D. Ill. 2021) (citing 28 U.S.C. § 1915(a)(1)). "In order to proceed in forma pauperis, a plaintiff's income must be at

[1] Norwood has also checked a box on the IFP application indicating that he wishes to request appointment of an attorney, [4] at 1, but has not yet submitted any such motion.

or near the poverty level." *Barnes v. Reynolds*, 2021 WL 4945191, at *2 (N.D. Ill. Feb. 1, 2021) (cleaned up).

Based on a review of plaintiff's IFP application [4], the Court does not have sufficient information to find under 28 U.S.C. § 1915(a) that Norwood is unable to pay or give security for the civil filing fee. Norwood has not provided any information about his previous employment or take-home pay. [4] at 1. And while Norwood denies having any source of income—including "Unemployment, public assistance, or welfare," *id.* —that representation is inconsistent with the allegation in his complaint that he receives housing assistance. The Court thus denies the application without prejudice to renewal. If plaintiff wishes to proceed *in forma pauperis*, he must submit a completed IFP application that includes all forms of income, including any public assistance.

The Court's review of operative complaint, *see* 28 U.S.C. § 1915(e)(2)(B), also reveals two critical issues. First, plaintiff has not stated a claim upon which relief may be granted for a violation of his constitutional rights. *Id.* § 1915(e)(2)(B)(ii). Greystar Illinois Management, LLC, Greystar Real Estate Partners, LLC, and their employees and agents appear to be private actors who are not themselves bound by the Fourteenth Amendment, and the complaint does not indicate how they might have been acting "under color of any statute, ordinance, regulation, custom, or usage, of any State" and thus subject to suit under § 1983. Plaintiff has thus not stated a constitutional claim against any of these defendants.

Second, the Court lacks subject matter jurisdiction over plaintiff's state-law claims. Federal courts are generally limited to presiding over two types of cases: (1) those where the plaintiff alleges a violation of his constitutional rights or of federal law, and (2) those with "diversity jurisdiction," where the plaintiff alleges that his rights under state law were violated by a citizen of another state, and the amount in controversy exceeds $75,000. *See* 28 U.S.C. §§ 1331–32; *Buchel-Ruegsegger v. Buchel*, 576 F.3d 451, 453 (7th Cir. 2009) (a federal court's jurisdiction is limited by Article III of the U.S. Constitution and statutes passed by Congress).

Plaintiff brings state-law claims under the Illinois Human Rights Act and the Illinois Constitution. [5] 10–11. But plaintiff indicates he is a resident of Illinois and does not allege the citizenship of any defendants, so he has not established that the parties are completely diverse. *See Pain Ctr. of SE Indiana LLC v. Origin Healthcare Sols. LLC*, 893 F.3d 454, 458 (7th Cir. 2018) (diversity jurisdiction requires "complete diversity between the parties."). And because there is no basis for federal jurisdiction, the Court will not exercise supplemental jurisdiction over plaintiff's state-law claim. 28 U.S.C. § 1367(c)(3).

## CONCLUSION

For these reasons, plaintiff's complaint [5] is dismissed without prejudice. Because the dismissal is without prejudice, plaintiff may elect to file an amended complaint with this Court that cures the identified deficiencies if he so chooses. *See Zimmerman v. Bornick*, 25 F.4th 491, 494 (7th Cir. 2022) ("[T]he norm remains affording a plaintiff at least one opportunity to amend his complaint.") The Court directs plaintiff to file any such amended complaint on or before 10/31/2025. The Court notes that plaintiff may also elect re-file his state-law claims in state court. Plaintiff's IFP application [4] is denied without prejudice. Plaintiff has until 10/31/2025 to file an amended IFP application or pay the full filing fee. If plaintiff fails to do so, this case may be summarily dismissed. If plaintiff wishes to request the assistance of an attorney, he must file a separate motion for attorney representation indicating why he qualifies for such assistance. *See, e.g.,* https://www.ilnd.uscourts.gov/_assets/_documents/_forms/_online/motion_attorney_representation-fillable.pdf. The Clerk is directed to send a copy of this order and a blank IFP application to plaintiff.

Date: 10/17/25

Georgia N. Alexakis
U.S. District Judge